# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**RONALD GILLETTE**                                                    **PLAINTIFF**

**v.**                    **No. 3:18CV106-DAS**

**CORECIVIC**
**DAMON T. HININGER, CEO**
**TALLAHATCHIE COUNTY GOVERNMENT**        **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Ronald Gillette, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The plaintiff alleges that the conditions of his confinement at the Tallahatchie County Correctional Facility are unconstitutionally harsh. For the reasons set forth below, his claims regarding rainwater leaks, the housing of mentally ill inmates, and unreasonably cold temperatures in his pod will proceed. The remaining claims will be dismissed with prejudice for failure to state a claim upon which relief could be granted.

### Factual Allegations

Mr. Gillette is a 63-year-old prisoner from the Virgin Islands who has been housed at the Tallahatchie County Correctional Facility since February 15, 2018. He suffers from two traumatic brain injuries and mild dementia, is confined in a wheelchair, and believes that the conditions of his

confinement at the Tallahatchie County Correctional Facility are unconstitutionally harsh. He alleges the following poor conditions:

(1) Rain water leaks onto the floor of his cell (causing a safety hazard and mold);

(2) The sprinkler system in the facility is not properly tested or maintained;

(3) Prison staff serve hot and cold food together;

(4) The facility does not properly house inmates who are seriously mentally ill, which adversely affects the inmates who are not mentally ill;

(5) Failure to provide him access to a typewriter;

(6) On one occasion, TCCF staff sprayed another inmate with pepper spray, causing the plaintiff and others difficulty breathing;

(7) Understaffing;

(8) Cold temperature (61°) in the plaintiff's pod;

(9) Insufficient pay from his prison job as a porter/orderly.

Mr. Gillette is generally unhappy with the conditions at the Tallahatchie County Correctional Facility and would like to be transferred and for the entire facility to be condemned.

## General Conditions of Confinement

"[T]he Eighth Amendment may afford protection against conditions of confinement which constitute health threats but not against those which cause mere discomfort or inconvenience." *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir.1989), *cert. denied*, 493 U.S. 969 (1989)(citation omitted). "Inmates cannot expect the amenities, conveniences, and services of a good hotel." *Id.* at 849 n.5 (citation omitted). Prison officials have certain duties under the Eighth Amendment, but these duties are only to provide prisoners with "humane conditions of confinement," including "adequate food, clothing, shelter, and medical care . . . ." *Woods v. Edwards*, 51 F.3d 577, 581 n.10 (5th Cir. 1995)

(quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).  Taking into account the "totality of the circumstances," *McCord v. Maggio*, 910 F.2d 1248 (5th Cir. 1990), the instant claims do not rise to the level of a constitutional violation.  The plaintiff has not identified any "basic human need" which he was denied for an unreasonable period of time.  *See Woods*, 51 F.3d at 581.  The court will discuss Mr. Gillette's allegations separately below.

(1) *Mr. Gillette's claim regarding rainwater leaks states a claim and will proceed.*

(2) While fire codes can be a guide in determining whether a lack of fire safety may constitute a violation of the Eighth Amendment, they are not determinative.  The Eighth Amendment does not require that prisons meet fire and electrical codes; that is a matter for state and local officials.  As Mr. Gillette did not allege that anyone had been injured in a fire or that TCCF is particularly susceptible to fires, his allegations do not state a valid claim under 42 U.S.C. § 1983.  *See Johnson v. Texas Bd. of Criminal Justice*, 281 F. App'x 319, 322 (5th Cir. 2008).

(3) Serving hot and cold food together does not deprive Mr. Gillette of any basic human need; thus, this allegation fails to state a constitutional claim and will be dismissed.

(4) *Mr. Gillette's claim regarding the housing of mentally ill inmates states a claim and will proceed.*

(5) Lack of access to a typewriter does not deprive Mr. Gillette of a basic human need and fails to state a constitutional claim.

(6) The single use of pepper spray against another inmate, which caused Mr. Gillette difficulty breathing for a short time, does not constitute denial of a basic human need for an unreasonable amount of time.  This allegation will be dismissed.

(7) Mr. Gillette has not stated that he suffered any harm from alleged understaffing at the Tallahatchie County Correctional Facility; as such, this allegation fails to state a claim upon which relief could be granted.

(8) *Mr. Gillette's claim regarding unreasonably cold temperatures in his pod states a claim and will proceed.*

(9) Mr. Gillette's allegation that he is insufficiently compensated for his prison job does not rise to the level of a constitutional violation, as inmates do not have the right to be compensated for work performed while incarcerated. *Jones v. U.S. ex rel. Dep't of Justice*, 412 F. App'x 690, 691 (5th Cir. 2011). As such, this allegation will be dismissed for failure to state a claim upon which relief could be granted.

### The Plaintiff May Not Seek Relief on Behalf of Other Inmates

A plaintiff in federal court must assert his own rights, not those of others:

> [O]rdinarily a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."

*Rogers v. Brockette*, 588 F.2d 1057, 1060 (5th Cir. 1979) (quoting *Warth v. Seldin*, 422 U.S. 490, 501, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). Thus, to the extent that Mr. Gillette seeks to vindicate the rights of other inmates, those claims will be dismissed.

### The Tallahatchie County Government Is Not a Proper Defendant

The Tallahatchie County Correctional Facility is a privately-owned prison that merely operates in Tallahatchie County, Mississippi. The plaintiff has not alleged that Tallahatchie County controls the decisions or policies of the Tallahatchie County Correctional Facility; as such, the county will be dismissed from this case for failure to state a claim upon which relief could be granted.

## Defendants CoreCivic and Damon Hininger
## Are Not Liable for the Alleged Violations

To establish governmental entity liability under § 1983, a plaintiff must demonstrate that an official government policy or custom caused the constitutional violation alleged. *Piotrowski v. City of Houston*, 51 F.3d 512, 517 (5th Cir. 1995). The Supreme Court has established the rule that, in a § 1983 action, liability may not be imposed upon a governmental entity on a theory of *respondeat superior* for the actions of non-policy making government employees. *Monell*, 436 U.S. at 690-94; *see Doe v. Rains County Independent School District*, 66 F.3d 1402, 1409 (5th Cir. 1995); *Brown v. Bryan County, Texas*, 53 F.3d 1410, 1418 (5th Cir. 1995). The Fifth Circuit has extended that rule to private corporations, such as CoreCivic, which act on behalf of a government entity (in this case, the U.S. Virgin Islands). *Rosborough v. Mgmt. & Training Corp.*, 350 F.3d 459, 461 (5th Cir. 2003). A § 1983 plaintiff cannot proceed against a prison official based solely on the official's participation in the prison grievance process. *Dehghani v. Vogelgesang*, 226 Fed.Appx. 404, 406 (5th Cir. 2007). There are only two scenarios in which a supervisor may be held liable under § 1983: (1) when he affirmatively participates in the incident, and (2) when he implements an unconstitutional policy that results in constitutional injury. *Wernecke v. Garcia*, 591 F.3d 386, 401 (5th Cir. 2009). Indeed, a federal court cannot hold a supervisor liable for failure to supervise his subordinates – even when he is present on the scene – because, after *Ashcroft v. Iqbal*, 556 U.S. 662, 662, 129 S. Ct. 1937, 1939, 173 L. Ed. 2d 868 (2009), "a government official can be held liable only for his own misconduct." *Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011).

The plaintiff's claims in the present case involve his stay at the Tallahatchie County Correctional Facility. He has alleged no facts to indicate that any policy-making officials for CoreCivic implemented an official policy that caused his alleged constitutional violation, nor has he

established a persistent pattern of conduct by CoreCivic officials that caused the alleged constitutional violation. Damon T. Hininger is the current CEO of CoreCivic, a corporation that owns and operates many private prisons and detention facilities. The plaintiff alleges only that Mr. Hininger approves contracts for CoreCivic – and has not alleged that Hininger implemented a policy or custom at TCCF which was the moving force behind the allegations in the complaint or that he was present at the scene of the various alleged violations. Similarly, CoreCivic, a corporation which owns and maintains the Tallahatchie County Correctional Facility is not vicariously liable for the its employees' violation of inmates' civil rights. Mr. Gillette has not alleged facts showing that either CoreCivic or Mr. Hininger implemented policies that were the "moving force" behind the alleged constitutional violations in this case. As such, Mr. Hininger and CoreCivic will be dismissed from this case for failure to state a claim upon which relief could be granted.

## Deadline to Add Proper Defendants

All named defendants in this case will be dismissed, however, Mr. Gillette's allegations state valid constitutional claims as to three issues: water leaking into the facility, improper housing of mentally ill inmates, and unreasonably cold temperatures in his pod. *As such, the deadline for the plaintiff to name proper defendants (ones personally responsible for the deprivations alleged) is 21 days from the date of this order.* Should the plaintiff fail to identify such defendants by that deadline, then this case will be dismissed without prejudice.

## Conclusion

For the reasons set forth above, all of the plaintiff's claims will be dismissed – except those involving water leaks, improper housing of severely mentally ill inmates, and unreasonably cold temperatures.

**SO ORDERED**, this, the 1st day of November, 2018.

                                              /s/ David A. Sanders
                                              DAVID A. SANDERS
                                              UNITED STATES MAGISTRATE JUDGE